```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :
        Plaintiff              :
                               :
                               :
        v.                     :  CRIMINAL NO. 1:CR-05-51-01
                               :
                               :
TOMMY LEE CLAYBORN,            :
        Defendant              :
```

*M E M O R A N D U M*

I.   *Introduction*

Defendant, Tommy Lee Clayborn, has filed a motion for a reduction of sentence under 18 U.S.C. § 3582(c) based on Amendment 706 to the sentencing guidelines. (docs. 235, 237). The Government opposes the motion, arguing that the amendment does not apply to Clayborn because the sentence imposed was one agreed to under Federal Rule of Criminal Procedure 11(c)(1)(C) and because the amendment does not have the required effect of lowering Clayborn's applicable guidelines range. The addendum to the Pre-Sentence Report opines that because Clayborn entered into a binding plea agreement, he is not entitled to a reduction.

We will deny the motion for the same reasons supporting our denial of the section 3582(c) motion filed by Kim Clayborn, Tommy Lee Clayborn's co-defendant.

II.  *Background*

On June 30, 2005, Clayborn pleaded guilty to conspiracy to distribute and possession with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 846. Clayborn entered into a binding plea agreement pursuant to Rule 11(c)(1)(C).[1]  After determining that Clayborn was accountable for at least five hundred grams of crack cocaine, his base offense level was 36.  With a three-level reduction for acceptance of responsibility and a Criminal History category of VI, his guidelines range was 235-293 months' imprisonment, limited by the 240-month agreed upon statutory maximum.  On January 18, 2006, Clayborn was sentenced to 240 months pursuant to the terms of the binding plea agreement.[2]

III.  *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that

---

[1]  Federal Rule of Criminal Procedure 11(c)(1)(C) provides:

If the defendant pleads guilty . . . the plea agreement may specify that an attorney for the government will:

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

[2]  The plea agreement provided, in relevant part: "Notwithstanding any Guideline calculation or prior conviction, the defendant and the United States agree that the defendant shall receive a sentence of 20 years imprisonment."  (doc. 109, ¶ 11).

2

any amendment has retroactive effect.  *Id.*, § 994(u).  Amendment 706, which generally reduces the base offense level for crack cocaine offenses by two levels, has retroactive effect.  *See* U.S.S.G. § 1B1.10(a)(1) and (c) (Policy Statement) (effective March 3, 2008).  Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence.  In pertinent part, section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment . . . .

As we concluded in denying an identical motion filed by Kim Clayborn, Amendment 706 does not apply because Tommy Lee Clayborn's sentence was one agreed to under Rule 11(c)(1)(C). Section 3582(c)(2) applies only to a defendant who has been sentenced "*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission" (emphasis added), not on a sentence the parties agreed to under Rule 11(c)(1)(C).  *See United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996) (an agreed-upon sentence is not subject to reduction pursuant to § 3582(c)(2) because it was not based on a sentencing range subsequently lowered by the Sentencing Commission); *United States v. Gordon*, No. 97-24, 2008 WL 901911, at \*1 (E.D. Okla. Mar. 31, 2008) (defendant cannot rely on section 3582(c)(2) for

a sentence reduction under Amendment 706 when his sentence was agreed upon under Rule 11(c)(1)(C)).

Clayborn makes a number of arguments in favor of applying the amendment despite the binding sentence. We are unpersuaded by the arguments and will address them in order.

First, Clayborn argues that unlike Kim Clayborn's section 3582 motion, his guidelines range would be reduced by Amendment 706. (doc. 248, p. 7). But as explained *supra*, the amendment's effect on the guideline range does not overcome the statutory language which does not allow a sentence reduction for a sentence based on Clayborn's type of plea agreement. Additionally, our denial of Kim Clayborn's motion did not rest on whether the application of Amendment 706 would reduce the guidelines range. Instead, we concluded that Kim Clayborn, who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement, was not eligible for relief under section 3582. *United States v. Kim Clayborn*, No. 05-51-2, at doc. 243 (M.D. Pa. Apr. 14, 2008). Therefore, the effect of Amendment 706 on the guidelines range is not a meaningful distinction between Kim Clayborn and Tommy Lee Clayborn.

Second, Clayborn contends that he may pursue a section 3582 motion because he did not waive his rights to appeal or to seek collateral relief. (doc. 248, pp. 7-8). While Clayborn is correct, this does not change our conclusion regarding the inapplicability of Amendment 706 because of the negotiated plea

4

agreement.  Additionally, we denied Kim Clayborn's motion on the merits, not because she waived her right to pursue collateral relief.  *See Kim Clayborn*, No. 05-51-2, at doc. 243.

Third, Clayborn appears to argue that the guidelines were a factor in his decision to enter into the binding plea agreement.  (doc. 248, p. 9).  While the applicable guidelines range may have been a factor affecting Clayborn's decision to enter into the plea agreement, this does not mean that he is eligible for relief under section 3582.  As noted, Clayborn's sentence was "based on" the agreed-upon sentence in his binding plea agreement, not a guidelines range subsequently lowered by a retroactive amendment.

Fourth, Clayborn argues that "a binding plea agreement, even to a specific sentence, should not control the outcome where the Court would not have accepted the plea agreement had the amendment been in effect at the time of sentencing."  *Id*. at 9.  Clayborn cites *Melendez-Perez v. United States*, 467 F. Supp. 2d 169, 175-76 (D.P.R. 2006), a "rare and unusual" case where a district court amended a sentence despite a binding plea agreement on account of "its lack of relevant and essential information prior to resentencing."  *Id*.  In *Melendez-Perez*, the guidelines calculation was inaccurate because it was made without consideration of an applicable amendment in effect *prior to* the sentencing.  *Id*. at 171.  Here, Amendment 706 became effective in 2008, two years *after* Clayborn was

5

sentenced. Even though Amendment 706 was made retroactive, the parties entered the plea agreement using sentencing guidelines which were accurate at the time. Therefore, we reject the basis for this argument.

Despite the retroactive application of the amendment, we remain persuaded by the cases which hold that a reduction pursuant to section 3582 is appropriate for a defendant who has been sentenced "based on" a guidelines range that has since been lowered, not a Rule 11(c)(1)(C) plea agreement. *See, e.g.*, *Trujeque*, 100 F.3d at 871.[3] We will issue an appropriate order.

> /s/William W. Caldwell
> William W. Caldwell
> United States District Judge

Date: May 28, 2008

---

[3] By concluding that Clayborn is ineligible for a sentence reduction due to the nature of his plea agreement, we need not consider the Government's additional argument that Clayborn is also ineligible for a reduction because he is a career offender and his sentence was based on the statutory mandatory minimum. (doc. 238, ¶ 5A).

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
         Plaintiff             :
                               :
                               :
         v.                    :  CRIMINAL NO. 1:CR-05-51-01
                               :
                               :
TOMMY LEE CLAYBORN,            :
         Defendant             :
```

*O R D E R*

AND NOW, this 28th day of May, 2008, upon consideration of Defendant Tommy Lee Clayborn's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (docs. 235, 237), and pursuant to the accompanying Memorandum, it is ordered that Defendant's motion is denied.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
